UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------- X

RONALD PRUITT,

                                          Plaintiff,

            -against-

THE CITY OF NEW YORK, POLICE COMMISSIONER
RAYMOND W. KELLY, DEPUTY INSPECTOR
JOSEPH M. GULOTTA, POLICE OFFICER MICHAEL
GUZMAN #29790, POLICE OFFICER RAUL COLON
#29977, POLICE OFFICER DANIEL BERARDI #7961,
POLICE OFFICER JOSEPH RIVERA #26171, POLICE
OFFICER BRIAN MAHON, JOHN DOE ##1-6,

                                          Defendants.

-------------------------------------------------------------- X

Docket No.

**COMPLAINT AND
JURY DEMAND**

RECEIVED
JAN 23 2014
U.S.D.C. S.D. N.Y.
CASHIERS

14 CV 412

## PRELIMINARY STATEMENT

1.     This is a civil rights action in which plaintiff seeks relief for the violation of his rights secured by 42 USC §1983, the Fourth, and 14th Amendments to the United States Constitution.

2.     The claim arises from an incident on June 12, 2012 in which Officers of the New York City Police Department ("NYPD"), acting under color of state law, intentionally and willfully subjected plaintiff to, inter alia, false arrest and malicious prosecution.

3.     Plaintiff seeks monetary damages (special, compensatory, and punitive) against defendants, as well as an award of costs and attorneys' fees, and such other and further relief as the Court deems just and proper.

## JURISDICTION

4.      This action is brought pursuant to 28 USC §1331, 42 USC §1983, and the Fourth and 14th Amendments to the United States Constitution.

5.      The amount in controversy exceeds $75,000.00 excluding interest and costs.

6.      Venue is laid within the United States District Court for the Southern District of New York in that Defendant City of New York is located within the boundaries of the Southern District of New York.

## PARTIES

7.      Plaintiff is a citizen of the United States and at all times here relevant resided in the County of Kings, City and State of New York.

8.      The City of New York ("the City") is a municipal corporation organized under the laws of the State of New York.

9.      New York Police Commissioner Raymond W. Kelly ("the Commissioner") was at all times here relevant the Commissioner of the New York City Police Department, and, as such, was a policy maker with respect to training, supervision, and discipline of NYPD officers, including the other individual defendants.  The Commissioner is sued in his individual and official capacities.

10.     Deputy Inspector Joseph M. Gulotta ("the Deputy Inspector") was at all times here relevant the Commanding Officer of the 73rd Precinct and, as such, was a policy maker with respect to training, supervision, and discipline of NYPD officers within the precinct, including the other individual defendants.  The Deputy Inspector is sued in his individual and official capacities.

2

11.    Police Officer Michael Guzman #29790, Police Officer Raul Colon #29977, Police Officer Daniel Berardi #7961, Police Officer Joseph Rivera #26171, Police Officer Brian Mahon, John Doe ##1-6 ("the officers") are members of the NYPD, and are sued in their individual and official capacities.

12.    At all times here mentioned defendants were acting under color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the City and State of New York.

## FACTUAL ALLEGATIONS

13.    On June 14, 2012 at approximately 1:00 a.m., plaintiff arrived at 451 Bristol Street in Brooklyn New York, and rang the doorbell. While he was waiting at the front door at least four police officers surrounded him.

14.    The officers then approached plaintiff and assaulted and battered him, causing serious injury. Plaintiff never resisted arrest, attempted to flee, or acted in any way to otherwise justify the officers' actions.

15.    The officers falsely arrested plaintiff without probable cause, and intentionally and maliciously caused false charges to be brought against the plaintiff.

16.    At all times during the events described above, the defendant police officers were engaged in a joint venture. The individual officers assisted each other in performing the actions described and lent their physical presence and support and the authority of their office to each other during said events.

17.    As a direct and proximate result of the acts of defendants, plaintiff suffered the following injuries and damages:

      a.    Violation of his rights pursuant to the Fourth Amendment to the

3

United States Constitution to be free from an unreasonable search and seizure of

his person,

      b.     Violation of his right to Due Process of Law under the 14th

Amendments to the United States Constitution,

      c.     Physical pain and suffering,

      d.     Emotional trauma and suffering, including fear, embarrassment,

humiliation, emotional distress, frustration, extreme inconvenience, anxiety,

financial loss, lost wages and medical expenses,

      e.     Attorney's and court fees.

### FIRST CAUSE OF ACTION
### (FALSE ARREST AND ILLEGAL IMPRISONMENT)

18.    Paragraphs one through 17are here incorporated by reference.

19.    Defendants subjected plaintiff to false arrest, false imprisonment, and

deprivation of liberty without probable cause.

20.    Defendants have deprived plaintiff of his civil, constitutional and statutory

rights and have conspired to deprive him of such rights and are liable to plaintiff under 42

USC §1983.

21.    As a result of the false arrest, imprisonment, and deprivation of liberty,

plaintiff was damaged in the sum of Three Hundred Thousand ($300,000.00) Dollars.

### SECOND CAUSE OF ACTION
### (MALICIOUS PROSECUTION)

22.    Paragraphs one through 21 are here incorporated by reference.

23.    Defendants began and continued a criminal prosecution against plaintiff

24.    The criminal proceedings were terminated favorably to plaintiff.

25.　　There was no probable cause for the prosecution.

26.　　Defendants have deprived plaintiff of his civil, constitutional and statutory rights and have conspired to deprive him of such rights and are liable to plaintiff under 42 USC §1983.

27.　　As a result of the malicious prosecution implemented by defendants, plaintiff was damaged in the sum of Three Hundred Thousand ($300,000) Dollars.

### THIRD CAUSE OF ACTION
(MUNICIPAL AND SUPERVISORY LIABILITY)

28.　　Paragraphs one through 27 are here incorporated by reference.

29.　　Defendants New York City and the Deputy Inspector are liable for the damages suffered by plaintiff as a result of the conduct of its employees, agents, and servants and the others whose names are currently unknown.

30.　　Defendant New York City and the Deputy Inspector knew or should have known of their employees', agents, or servants' propensity to engage in the illegal and wrongful acts detailed above.

31.　　The aforesaid event was not an isolated incident. The City of New York and the Deputy Inspector have been aware for some time (from lawsuits, notices of claim and complaints filed with the Civilian Complaint Review Board) that many of its police officers are insufficiently trained on the proper basis for an arrest and the observations required to support probable cause. The City of New York and the Deputy Inspector have also been aware for some time (from lawsuits, notices of claim and complaints filed with the Civilian Complaint Review Board) that many of its police officers are insufficiently trained on the appropriate use of force. The City of New York and the Deputy Inspector are further aware that a "wall of silence" exists by which police officers

5

for officers who are found by the NYPD itself to have engaged in serious excessive force is a loss of vacation days, with no criminal prosecution.

35.    The above described policies and customs demonstrate a deliberate indifference on the part of policymakers of New York City to the constitutional rights of persons within New York City, and were the cause of the violations of plaintiff's rights here alleged.

36.    Defendants City of New York and the Deputy Inspector have damaged plaintiff by their failure to properly train, supervise, discipline, review, remove, or correct the illegal and improper acts of its employees, agents or servants in this and in similar cases involving police misconduct.

37.    Plaintiff has been damaged as a result of the wrongful, negligent and illegal acts of defendant New York City in the amount of Three Hundred Thousand ($300,000.00) dollars.

## FOURTH CAUSE OF ACTION
(42 USC §1983)

38.    Paragraphs one through 37 are here incorporated by reference.

39.    Defendants have deprived plaintiff of his civil, constitutional and statutory rights under color of law and have conspired to deprive him of such rights and are liable to plaintiff under 42 USC §1983.

40.    Defendants' conduct deprived plaintiff of his right to be free of unreasonable searches and seizures, pursuant to the Fourth Amendment to the United States Constitution, due to the police officers' use of excessive force.   Defendants' conduct further deprived plaintiff of his right to due process of law pursuant to the 14th Amendments of the United States Constitution.

41.    Plaintiff has been damaged as a result of defendants' wrongful acts in the amount of Three Hundred Thousand ($300,000.00) dollars.

WHEREFORE, plaintiff demands judgment against the defendants, jointly and severally, as follows:

A.    In favor of plaintiff in the amount of Three Hundred Thousand ($300,000.00) dollars for each of plaintiff's Causes of Action;

B.    Awarding plaintiff punitive damages in the amount of Three Hundred Thousand ($300,000.00) dollars on each of plaintiff's Causes of Action;

C.    Awarding plaintiff reasonable attorneys' fees, costs and disbursements of this action; and

D.    Granting such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.


DATED:    Brooklyn, New York
          January 22, 2014


Yours, etc.

S/Kenneth F. Jones, Esq. SJ2530
Jones Richardson P.C.
32 Court Street #707
Brooklyn, NY 11201
Attorney for Plaintiff
skfjesq@gmail.com
(p) 917 544 7653
(f) 718 228 2987


8

TO:   New York City
Corporation Counsel Office
100 Church Street, 4th floor
New York, NY  10007

Police Commissioner Raymond W. Kelly
1 Police Plaza
Room 1406
New York, NY 10006

Deputy Inspector Joseph M. Gulotta
73rd Police Precinct
1470 East New York Avenue
Brooklyn, New York 11212

Police Officer Michael Guzman #29790
73rd Police Precinct
1470 East New York Avenue
Brooklyn, New York 11212

Police Officer Raul Colon #29977
73rd Police Precinct
1470 East New York Avenue
Brooklyn, New York 11212

Police Officer Daniel Berardi #7961
73rd Police Precinct
1470 East New York Avenue
Brooklyn, New York 11212

Police Officer Joseph Rivera #26171
73rd Police Precinct
1470 East New York Avenue
Brooklyn, New York 11212

Police Officer Brian Mahon
73rd Police Precinct
1470 East New York Avenue
Brooklyn, New York 11212

9

EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X

Ronald Pruitt,

                     Plaintiff,

-against-

The City of New York, et al.,

                    Defendants.

-------------------------------------------------------------------------X

                                     AUTHORIZATION TO
                                     DISCLOSE MEDICAL
                                     INFORMATION
                                  ___ Civ. _____ ( ) ( )

TO: <u>BROOKDALE UNIVERSITY HOSPITAL AND MEDICAL CENTER</u>
           NAME AND ADDRESS OF MEDICAL PROVIDER

      I authorize the use and disclosure of _____<u>ALL</u>_____ health information as described below.

      **YOU ARE HEREBY AUTHORIZED** to furnish to MICHAEL A. CARDOZO, Corporation Counsel of the City of New York, attorney for the defendants in the above captioned case, or his authorized representative, a certified copy of the entire medical or hospital record of Ronald Pruitt (D.O.B.:___<u>01 / 16 / 1981</u>___; SS#__<u>121 66 9733</u>__) who was examined or treated in your hospital or by you on or about <u>June 2012</u> .

      The medical record authorized for release includes any and all x-rays of said person and any and all diagnostic tests, studies, or reports of examinations relating to such person.

      I understand that the information in my health record may include information relating to sexually transmitted disease, acquired immune deficiency syndrome (AIDS), or human immunodeficiency virus (HIV). It may also include information about behavioral or mental health services, and treatment for alcohol, and drug abuse. I only authorize the release of such information to the extent that I have initialed below:

               Sexually Transmitted diseases          _____

               AIDS/HIV                                    _____

               Behavioral or mental health service      _____

               Treatment for alcohol and drug abuse     _____

      This information may be disclosed to and used by the following organization:

      The Office of the Corporation Counsel

100 Church Street
New York, NY 10007

for the purpose of the defense of this civil litigation only.

      I understand I have the right to revoke this authorization at any time. I understand if I revoke this authorization I must do so in writing and present my written revocation to the health information management department. Unless otherwise revoked, this authorization will expire on the following date, event or condition on the conclusion of the litigation in the above-captioned action. If I fail to specify an expiration date, event or condition, this authorization will expire in six months. I understand that authorizing the disclosure of this health information is voluntary; I can refuse to sign this authorization. I need not sign this form in order to assure treatment. I understand I may inspect or copy the information to be used or disclosed, as provided in 45 CFR 164.524. I understand any disclosure of information carries with it the potential for an unauthorized re-disclosure and the information may not be protected by federal confidentiality rules. If I have questions about disclosure of my health information, I can contact: (Name of Medical Provider's Risk Management Office).

Dated: _1/22/2014_

_____
SIGNATURE

STATE OF NEW YORK    )
                    : SS.:
COUNTY OF _Kings_   )

On this _22nd_ day of _January_, 201_4_, before me personally came _Ronald Pruitt_, to me known and known to me to be the individual described in and who executed the foregoing instrument, and _he_ acknowledged to me that _he_ executed the same.

_____
NOTARY PUBLIC

Attach: NYCHHC HIPAA Authorization to Disclose Health Information and Authorization for Release of Health Information Pursuant to HIPAA

SAMUEL K. F. JONES
Notary Public, State of New York
No. 31-02J06004790
Qualified in Westchester County
Admission Expires: _3/20/2014_

 **HHC**

## NYCHHC HIPAA Authorization to Disclose Health Information
ALL FIELDS MUST BE COMPLETED

THIS FORM MAY NOT BE USED FOR RESEARCH OR MARKETING, FUNDRAISING OR PUBLIC RELATIONS AUTHORIZATIONS

| PATIENT NAME/ADDRESS | DATE OF BIRTH | PATIENT SSN |
|---|---|---|
| RONALD PRUITT<br>438 BAINBRIDGE ST.<br>BROOKLYN NY 11233 | 01/16/1981 | 121 66 9733 |
| | MEDICAL RECORD NUMBER | TELEPHONE NUMBER<br>347 362 2155 |

**NAME OF HEALTH PROVIDER TO RELEASE INFORMATION**
BROOKDALE UNIVERSITY HOSPITAL AND MEDICAL CENTER

**SPECIFIC INFORMATION TO BE RELEASED:**
Information Requested ___ALL MEDICAL RECORDS___

Treatment Dates from __June 2012__ to __June 2012__

**NAME & ADDRESS OF PERSON OR ENTITY TO WHOM INFO. WILL BE SENT**
NYC CORPORATION COUNSEL
100 CHURCH ST.
NY NY 10007

**INFORMATION TO BE RELEASED** (If the box is checked, you are authorizing the release of that type of information). Please note: unless all of the boxes are checked, we may be unable to process your request.

☐ Alcohol and/or Substance Abuse Program Information

☐ Mental Health Information

☐ Genetic Testing Information

☐ HIV/AIDS-related Information

**REASON FOR RELEASE OF INFORMATION**
☒ Legal Matter   ☐ Individual's Request
☐ Other (please specify): _____

**WHEN WILL THIS AUTHORIZATION EXPIRE?** (Please check one)
☐ Event: _____
☒ On this date: JANUARY 31, 2015

I, or my authorized representative, authorize the use or disclosure of my medical and/or billing information as I have described on this form.

I understand that my medical and/or billing information could be re-disclosed and no longer protected by federal health information privacy regulations if the recipient(s) described on this form are not required by law to protect the privacy of the information.

I understand that if my medical and/or billing records contain information relating to **ALCOHOL or SUBSTANCE ABUSE, GENETIC TESTING, MENTAL HEALTH, and/or CONFIDENTIAL HIV/AIDS RELATED INFORMATION**, this information will not be released to the person(s) I have indicated unless I check the box(es) for this information on this form.

I understand that if I am authorizing the use or disclosure of HIV/AIDS-related information, the recipient(s) is prohibited from using or re-disclosing any HIV/AIDS-related information without my authorization, unless permitted to do so under federal or state law. I also understand that I have a right to request a list of people who may receive or use my HIV/AIDS-related information without authorization. If I experience discrimination because of the use or disclosure of HIV/AIDS-related information, I may contact the New York State Division of Human Rights at 212.480.2493 or the New York City Commission of Human Rights at 212.306.7450. These agencies are responsible for protecting my rights.

I understand that I have a right to refuse to sign this authorization and that my health care, the payment for my health care, and my health care benefits will not be affected if I do not sign this form. I also understand that if I refuse to sign this authorization, NYCHHC cannot honor my request to disclose my medical and/or billing information.

I understand that I have a right to request to inspect and/or receive a copy of the information described on this authorization form by completing a Request for Access Form. I also understand that I have a right to receive a copy of this form after I have signed it.

I understand that if I have signed this authorization form to use or disclose my medical and/or billing information, I have the right to revoke it at any time, except to the extent that NYCHHC has already taken action based on my authorization or that the authorization was obtained as a condition for obtaining insurance coverage.

To revoke this authorization, please contact the facility Health Information Management department processing this request.

*I have read this form and all of my questions have been answered. By signing below, I acknowledge that I have read and accept all of the above.*

| SIGNATURE OF PATIENT OR PERSONAL REPRESENTATIVE | IF NOT PATIENT, PRINT NAME & CONTACT INFORMATION OF PERSONAL REPRESENTATIVE SIGNING FORM |
|---|---|
| R Pruitt | |
| DATE<br>01/22/2014 | DESCRIPTION OF PERSONAL REPRESENTATIVE'S AUTHORITY TO ACT ON BEHALF OF PATIENT |

**If HHC has requested this authorization, the patient or his/her Personal Representative must be provided a copy of this form after it has been signed.**

| HHC USE ONLY | |
|---|---|
| Date Received: | Initials of HIM employee processing request: |
| Date Completed: | Comments: |

## DESIGNATION OF AGENT FOR ACCESS TO SEALED
## RECORDS PURSUANT TO NYCPL 160.50[1][d]

I, _Ronald Pruitt_, Date of Birth _01 / 16 / 1981_,
SS# _121 66 9733_, pursuant to NYCPL § 160.50[1][d], hereby designate MICHAEL A.
CARDOZO, Corporation Counsel of the City of New York, or his authorized representative, as
my agent to whom records of the criminal action terminated in my favor entitled People of the
State of New York v. _Ronald Pruitt_, Indictment No. _5114 / 2012_, in _Supreme_ Court,
County of _Kings_, State of New York, relating to my arrest on or about _June 2012_,
may be made available for use in Civil Action _____,
_____ (S.D.N.Y.).

I understand that until now the aforesaid records have been sealed pursuant to CPL § 160.50,
which permits those records to be made available only (1) to persons designated by me, or (2) to
certain other parties specifically designated in that statute.

I further understand that the person designated by me above as a person to whom the records
may be made available is not bound by the statutory sealing requirements of CPL § 160.50.

The records to be made available to the person designated above comprise all records and papers
relating to my arrest and prosecution in the criminal action identified herein on file with any
court, police agency, prosecutor's office or state or local agency that were ordered to be sealed
under the provisions of CPL § 160.50.

I further authorize the release of a list from the New York City Police Department that identifies
all my prior arrests by date of arrest, charge(s) and disposition, including all sealed arrests.

_____
SIGNATURE

STATE OF NEW YORK      )
                       : SS.:
COUNTY OF _Kings_      )

On this _22nd_ day of _January_, 2014, before me personally came _Ronald Pruitt_, to
me known and known to me to be the individual described in and who executed the foregoing
instrument, and _he_ acknowledged to me that _he_ executed the same.

_____
NOTARY PUBLIC

SAMUEL K. F. JONES
Notary Public, State of New York
No. 31-02J06004790
Qualified in Westchester County
Admission Expires: _3/30/14_